UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIANO GALLEGOS,<br><br>    Plaintiff,<br><br>    v.<br><br>STAINER, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01397-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS BARRED BY DOCTRINE OF *RES JUDICATA* |

    Plaintiff Feliciano Gallegos ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on September 15, 2015. On May 11, 2015, the Court dismissed Plaintiff's second amended complaint with leave to amend "only his procedural due process claim related to his allegedly improper gang validation." Doc. 15 at p. 11.

    On July 18, 2016, Plaintiff filed his third amended complaint. In his third amended complaint, Plaintiff alleges that his rights under the First Amendment and Due Process Clause of the Fourteenth Amendment were violated by his validation as a gang member in 2010 and his retention in the Secured

1

Housing Unit. Plaintiff also alleges that his rights were violated because other courts denied his requests for an evidentiary hearing, production of documents and counsel.[1]

However, previously, on February 12, 2012, Plaintiff had brought a petition for writ of habeas corpus alleging that his validation as an associate of the Mexican Mafia (EME) prison gang and retention in the Secured Housing Unit since 2010 violated his Due Process and First Amendment rights. He also alleged that other courts had denied his requests for evidentiary hearings and the production of documents. In that action, *Gallegos v. Gipson*, 1:13-cv-00221-MJS, the Court considered the merits of Plaintiff's constitutional claims regarding his placement in the Secured Housing Unit and gang validation. The Court determined that Plaintiff's claims failed on the merits and that he received constitutionally adequate safeguards at his gang validation proceeding. The Court therefore dismissed the petition and declined to issue a certificate of appealability. On June 3, 2013, Plaintiff sought reconsideration, appointment of counsel and an evidentiary hearing, which were denied by the Court on July 24, 2013. On April 4, 2014, the Court of Appeals for the Ninth Circuit denied Plaintiff's request for a certificate of appealability.

The doctrine of res judicata bars the relitigation of issues previously decided. *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) (per curiam). Indeed, res judicata bars relitigation in § 1983 civil rights proceedings of issues previously decided in federal habeas proceedings. *Id.* at 323-24. Accordingly, Plaintiff is HEREBY ORDERED to show cause within thirty (30) days from the date of service of this order why this action should not be dismissed, with prejudice, as barred by the doctrine of res judicata.

IT IS SO ORDERED.

Dated:   **October 13, 2016**            /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff was granted leave to pursue only his procedural due process claim related to his allegedly improper gang validation in this action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28