UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIANO GALLEGOS,<br><br>    Plaintiff,<br><br>    v.<br><br>STAINER, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-01397-BAM (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, AS BARRED BY THE DOCTRINE OF RES JUDICATA |

**I.  Background**

Plaintiff Feliciano Gallegos ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on September 15, 2015. Plaintiff filed his consent to Magistrate Judge jurisdiction on October 2, 2015. (Doc. 4.) On May 11, 2015, the Court dismissed Plaintiff's second amended complaint with leave to amend "only his procedural due process claim related to his allegedly improper gang validation." (Doc. 15 at p. 11).

On July 18, 2016, Plaintiff filed a third amended complaint. (Doc. 20). On October 14, 2016, following review of Plaintiff's complaint, the Court issued an order for Plaintiff to show cause within thirty (30) days why this action should not be dismissed, with prejudice, as barred by the doctrine of res judicata. The Court noted that Plaintiff's current action, which was limited to his procedural Due

Process claim related to his allegedly improper gang validation, had previously been litigated by Plaintiff in *Gallegos v. Gipson*, 1:13-cv-00221-MJS, without success.[1] (Doc. 22).

On October 27, 2016, pursuant to Plaintiff's request, the Court granted Plaintiff an extension of time to respond to the order to show cause. Plaintiff's response was due on December 23, 2016. (Doc. 24). As of the date of this order, Plaintiff has not responded to the Court's show cause order.

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. DISCUSSION

In his third amended complaint, Plaintiff alleges that his rights under the First Amendment and Due Process Clause of the Fourteenth Amendment were violated by his validation as a gang member in 2010 and his retention in the Secured Housing Unit. Plaintiff also alleges that his rights were violated because other courts denied his requests for an evidentiary hearing, production of documents and counsel. (Doc. 20).

However, prior to initiating the instant action, Plaintiff filed a petition for writ of habeas corpus in *Gallegos v. Gipson*, 1:13-cv-00221-MJS, on February 12, 2012. Plaintiff's habeas petition alleged that his validation as an associate of the Mexican Mafia (EME) prison gang and retention in the Secured Housing Unit since 2010 violated his Due Process and First Amendment rights. He also alleged that other courts had denied his requests for evidentiary hearings and the production of documents.

The doctrine of res judicata bars the relitigation of issues previously decided. *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) (per curiam). Indeed, res judicata, or claim preclusion,

---

[1] The Court properly may take judicial notice of court filings. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 n. 6 (9th Cir. 2006).

2

prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* The Ninth Circuit has concluded that res judicata bars relitigation in § 1983 civil rights proceedings of issues previously decided in federal habeas proceedings. *Hawkins*, 984 F.2d at 323-24.

    a. Identity of Claims

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (citing *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

Here, the instant action and the habeas petition in *Gallegos v. Gipson* arise out of the same transactional nucleus of operative facts, i.e., Plaintiff's validation as a gang member and his retention in the secured housing unit. Further, both actions involve Plaintiff's claim that his rights under the First Amendment and Due Process Clause of the Fourteenth Amendment were violated by his validation as a gang member and his retention in the Secured Housing Unit. (Doc. 1; *Gallegos v. Gipson*, 1:13-cv-00221-MJS, Doc. 1 at 5). The Court therefore finds an identity of claims.

    b. Final Judgment on the Merits

In *Gallegos v. Gipson*, the court considered the merits of Plaintiff's constitutional claims regarding his placement in the Secured Housing Unit and gang validation. The court determined that Plaintiff's claims failed and that he had received constitutionally adequate safeguards at his gang validation proceeding. The court therefore dismissed the petition and declined to issue a certificate of appealability. (*Gallegos v. Gipson*, 1:13-cv-00221-MJS, Doc. 8). On June 3, 2013, Plaintiff sought reconsideration, appointment of counsel and an evidentiary hearing, which were denied. (*Id.* at Doc. 16). Although the court declined to issue a certificate of appealability, Plaintiff filed a notice of appeal on June 3, 2013. (*Id.* at Doc. 11). On April 4, 2014, the Court of Appeals for the Ninth Circuit denied Plaintiff's request for a certificate of appealability. (*Id.* at Doc. 20). No appeal may be taken

absent such a certificate. *See* 28 U.S.C. § 2253(c). The Court therefore finds that Plaintiff's claims reached a final adjudication on the merits in *Gallegos v. Gipson*.

    c. Identity or Privity Between the Parties

In *Gallegos v. Gipson*, Plaintiff brought his habeas petition against the Warden at California State Prison, Corcoran, an employee of the California Department of Corrections and Rehabilitation ("CDCR"). (*Gallegos v. Gipson*, 1:13-cv-00221-MJS, Doc. 1). Here, Plaintiff is pursuing his claims against the Director and various secretaries of the CDCR, along with multiple other CDCR employees. (Doc. 20 at 3-4).

The Court finds there is privity between the Defendants in the instant action and the Respondent in the habeas action because they are all employees of the CDCR. *See Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1398 (9th Cir. 1992); *see also Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03, 60 S.Ct. 907, 84 L.Ed. 1263 (1940) (finding privity between officers of the same government so that a judgment in a suit between a party and a representative of the government is res judicata in relitigation of the same issue between that party and another officer of the government); *Church of New Song v. Establishment of Religion on Taxpayers' Money*, 620 F.2d 648, 654 (7th Cir. 1980) (finding privity since both suits were brought against employees of the Federal Bureau of Prisons).

## IV. Conclusion and Order

For the reasons stated, the Court finds that Plaintiff's claims in the instant action are barred by the doctrine of res judicata. Accordingly, this action is HEREBY DISMISSED, with prejudice, as barred by the doctrine of res judicata.

IT IS SO ORDERED.

Dated: **January 9, 2017**         /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE

4